**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

Abybatou Mbow

        Plaintiff,

  vs.

OFFICER MICHAEL MACKERT, ID 6165
Individually and in his Official Capacity,
et al.

      Defendants.

Case No.: 1:24-cv-03674-BAH

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER REGARDING CITATION ERRORS IN PLAINTIFF'S FILINGS (ECF 24 AND ECF 26) AND NOTICE OF ERRATA AND CLARIFICATION**

**COMES NOW** Plaintiff, by undersigned counsel, submits this Response and Notice of Errata pursuant to the Court's Memorandum Opinion (ECF 28), which directs Plaintiff's counsel to explain inaccurate and potentially non-existent case citations and inaccurate descriptions of case content in Plaintiff's filings at ECF 24 and ECF 26.

**I. ACKNOWLEDGMENT AND SCOPE**

Counsel acknowledges that Plaintiff's filings at ECF 24 and ECF 26 contained serious citation defects, including (a) incorrect case citations (including citation strings that did not correspond to the case caption cited), (b) incorrect pin cites, and (c) misattributed quotations and/or statements presented as though they were supported by the cited authority when they were not.

Counsel accepts responsibility for these errors. They were inadvertent and not intended to mislead the Court.

**II. EXPLANATION OF WHY THE CITATIONS WERE WRONG**

The errors arose during the final drafting and revision process for ECF 24 and ECF 26. Those briefs were prepared from multiple drafts and internal research notes and were then condensed and reorganized on a compressed timeline.

1

During final edits, certain citations, pin cites, and attribution lines were transferred from working notes into the briefs without a final, line-by-line primary-source verification pass. As a result, several distinct errors occurred:

Certain citations reflected caption/reporter mismatches (a case name paired with reporter information that did not correspond to that case).  Certain pin cites were not updated or were not verified after edits, including at least one cite to a page outside the cited opinion.  Certain statements were presented as quotations or case-supported propositions when they were, in fact, paraphrases, summaries, or belonged to different sources.

Counsel recognizes that these defects are inconsistent with the objective reasonable-inquiry obligations applicable to filings in this Court. See Fed. R. Civ. P. 11; Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533 (1991). Counsel further recognizes the Court's authority to address litigation abuses and protect the integrity of proceedings. See Chambers v. NASCO, Inc., 501 U.S. 32 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980); 28 U.S.C. § 1927.

## III. ERRATA AND CLARIFICATIONS—ECF 26 (PLAINTIFF'S OPPOSITION TO OFFICERS' MOTION TO DISMISS)

Counsel addresses the specific ECF 26 examples identified by the Court as follows:

A. Withdrawal of "Eichholz v. Camp, 36 F.4th 908, 917 (4th Cir. 2022)"

ECF 26 cited this case for a pleading-stage "holistic review" proposition. The Court identified that the reporter citation does not correspond to that caption/court as cited. Counsel withdraws that citation and any quotation or proposition attributed to it.

B. Withdrawal of "Bush v. Lucas, 598 F. Supp. 3d 303, 316 (D. Md. 2022)"

ECF 26 cited this authority for the proposition that state law racial discrimination claims survive independently when pled with specific factual basis. The Court could not locate a case by that name at the citation provided and found it did not support the proposition advanced.  Counsel withdraws the citation and does not rely on it.

C. Withdrawal of "Md. Comm'n on Hum. Rels. v. Balt. Cty., 439 A.2d 1121, 1127 (Md. 1982)"

ECF 26 cited this authority for a proposition regarding Maryland's commitment to eradicating discrimination. The Court identified that the caption does not correspond to the cited reporter.  Counsel withdraws the citation and any quotation/proposition attributed to it.

D. Withdrawal of "Holloway v. State, 232 Md. App. 272, 290 (2017)"

ECF 26 cited a pincite that, as the Court noted, does not exist within that opinion and further cited the case for a proposition not supported by the case's subject matter as described by the Court.  Counsel withdraws the citation and the proposition attributed to it.

E. Withdrawal/clarification of quotation attributions to Okwa v. Harper and Haines v. Vogel

ECF 26 attributed quoted language to those decisions. The Court stated the opinions do not contain the language presented.  Counsel withdraws those quoted passages and clarifies that ECF 26 should not be read to represent that those cases contain the quoted language.

F. Starr v. Baca (supervisory liability / "integral participation")

ECF 26 cited Starr v. Baca for propositions regarding "integral participation." The Court found that the cited page did not contain the quoted/attributed language.  Counsel withdraws any quoted language and any proposition that was attributed to Starr in a manner not supported by the cited opinion.

To the extent supervisory-liability principles are relevant in this case, counsel acknowledges that Fourth Circuit standards require proof of supervisory fault and a causal connection and do not permit vicarious liability. See Wilkins v. Montgomery, 751 F.3d 214 (4th Cir. 2014).

G. Plaintiff withdraws reference to Md. Code Ann., State Gov't sec. 20-606

## IV. ERRATA AND CLARIFICATIONS—ECF 24 (PLAINTIFF'S OPPOSITION TO MOTION TO VACATE DEFAULT)

The Court identified that ECF 24 included misquotations and inaccurate descriptions of case content (including, as identified by the Court, misquotation of authorities and inaccurate narrative descriptions of certain decisions).  Counsel acknowledges that certain passages in ECF 24 contained (a) language presented as though drawn from cited authority that was not verified as verbatim, and/or (b) case descriptions that were not sufficiently source-checked in the final filing. Counsel withdraws any unverified quotations contained in ECF 24 and clarifies that ECF 24 was intended to advance general Rule 55(c) "good cause" arguments rather than to represent specific verbatim holdings beyond what the cited authorities support.

## V. REMEDIATION MEASURES IMPLEMENTED

Following issuance of ECF 28, counsel has implemented enhanced cite-verification procedures, including:

1. A mandatory primary-source verification pass for every citation (caption; court; year; reporter; pin cite).

2. A mandatory quotation verification pass to confirm that any quoted text is verbatim and appears at the cited location.

3. Withdrawal of any authority that cannot be verified promptly and conclusively.

Counsel understands and acknowledges the duty of candor and accuracy in submissions to the Court. See Md. Rule 19-303.1.

## VI. BRIEF CLARIFICATION OF GOVERNING STANDARDS (FOR CONTEXT ONLY)

Counsel further clarifies that, at the pleading stage, the applicable federal standard requires sufficient factual matter to state a plausible claim and does not permit reliance on conclusory assertions. See Bell Atlantic Corp. v. Twombly; Ashcroft v. Iqbal; Erickson v. Pardus.

To the extent federal civil-rights claims are pursued against state actors, the vehicle is 42 U.S.C. § 1983. To the extent a § 1981 theory is pursued, Plaintiff understands that but-for causation applies. Comcast Corp. v. National Ass'n of African American-Owned Media, 140 S. Ct. 1009 (2020). To the extent a Monell failure-to-train theory is pursued, Plaintiff understands the deliberate-indifference requirement and that a pattern of similar violations is ordinarily required. Connick v. Thompson, 563 U.S. 51 (2011). To the extent discriminatory intent must be plausibly alleged, Plaintiff understands intent may be inferred from context and circumstantial allegations at the pleading stage where facts plausibly support such an inference. Woods v. City of Greensboro, 855 F.3d 639 (4th Cir. 2017).

## VII. PLAINTIFF MOTION FOR RECONSIDERATION

Plaintiff respectfully moves this Court for reconsideration of its interlocutory rulings pursuant to Fed. R. Civ. P. 54(b).

A district court retains the inherent authority to revise any interlocutory order prior to entry of final judgment. Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003); see also Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991) ("An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment."); cf. Fed. R. Civ. P. 54(b) (providing that interlocutory orders that resolve fewer than all claims are "subject to revision at any time before the entry of [final] judgment").

Reconsideration is appropriate where the Court has misapprehended the facts, the parties' arguments, or the controlling law, or where revision is necessary to prevent manifest injustice. Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003). Here, reconsideration is warranted for the limited purpose of evaluating the dismissed claims under the corrected legal framework set forth in Plaintiff's Errata. Plaintiff respectfully submits that:

1. Certain rulings were issued without the benefit of properly cited controlling authority, including Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701 (1989); Comcast Corp. v. Nat'l Ass'n of African American-Owned Media, 140 S. Ct. 1009 (2020); and Woods v. City of Greensboro, 855 F.3d 639 (4th Cir. 2017).

2. The Amended Complaint plausibly alleges facts supporting the dismissed claims. See ECF No. 11 ¶¶ 10–20, 23–30, 85–109.

3. The Rule 12(b)(6) standard requires plausibility, not evidentiary proof. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Owens v. Balt. City State's Attorneys Office, 767 F.3d 379, 402–05 (4th Cir. 2014).

4. Revision is necessary to prevent manifest injustice.

Plaintiff respectfully requests reconsideration consistent with the corrected authorities and factual allegations.

## VIII. CONCLUSION

Plaintiff submits this Response and Notice of Errata in compliance with the Court's Memorandum Opinion (ECF 28), withdraws the specific authorities and quote-attributions identified above, and represents that counsel has implemented enhanced cite-verification procedures to prevent recurrence.

Respectfully submitted this 18th day of February, 2026.

Latoya Francis-Williams, Esq., ID 29957
Law Office of Latoya A. Francis-Williams
P.O. Box 451
Randallstown, Maryland 21133
410-356-4691 (office); 443-548-4588 (fax)
info@lfwlaw.org
*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of February, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Latoya Francis-Williams, Esq., ID 29957
Law Office of Latoya A. Francis-Williams
P.O. Box 451
Randallstown, Maryland 21133
410-356-4691 (office); 443-548-4588 (fax)
info@lfwlaw.org
*Attorney for Plaintiff*

5